## 11848

### STATE v. MOSELEY

#### (180 S. E., 123)

CRIMINAL LAW—THAT CONVICTION FOR UNLAWFUL POSSESSION OF LIQUOR WAS INCONSISTENT WITH ACQUITTAL ON CHARGE OF MANUFACTURING LIQUOR POSSESSED NOT GROUND FOR COMPLAINT.—One found alone at still at which liquor was also found, and charged with both unlawful manufacture and possession of liquor, cannot complain that conviction on charge of unlawful possession is inconsistent with acquittal on charge of manufacturing, since, if so, inconsistency is in his favor.

Before HENRY, J., Aiken, October, 1924. Affirmed.

W. B. Moseley was convicted of unlawfully possessing intoxicating liquor and he appeals.

*Mr. John Edwin Stansfield* for appellant.

*Solicitor B. D. Carter,* for the State.

November 3, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

Acting upon information, the Sheriff of Aiken County and two others, on February 26, 1924, went upon the premises of the defendant and a short distance from the defendant's house, found him alone at a still which had mash in it, and under which a fire had just been extinguished, evidently by water taken from a nearby spring. About two quarts of whisky were found also at the still.

The defendant was indicted on two separate counts, the one for manufacturing intoxicating liquors, and the other for having contraband liquor in his possession. The defendant was tried at the May term of the Court of General Sessions, and was convicted on the second count. A motion for a new trial was made and overruled, and sentence was pronounced upon the defendant.

An exception is taken to the refusal of his Honor, Judge Henry, the trial Judge, to grant a new trial, mainly upon the ground that having been acquitted of manufacturing liquor, he should likewise have been acquitted of having liquor in his possession; the still and the liquor both being together.

It would not be enlightening to repeat the testimony. The Sheriff and the two who accompanied him testified at the trial, and the defendant and several witnesses in his behalf also testified. The defendant admitted that he was at the still and undertook by his testimony to convince the jury that he did not own the still or the liquor. If the verdict be inconsistent, the result of it is in favor of the defendant; its inconsistency cannot relieve him from a state of facts which fully prove his guilt. It was the province of the jury to acquit on one or both counts under the indictment, and it is not the province of this Court to criticize the finding of the jury, nor can the defendant find fault with the verdict because the jury has dealt leniently with him.

The exceptions are overruled, and the judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.